IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MACK M. SPEARS, JR. and ELIAZAR SPEARS, | § § § | |
| Plaintiffs/Counter-Defendants, | § § | |
| v. | § § | Civil Action No. 4:21-cv-2936 |
| WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR ABFC 2006-OPT2 TRUST, ASSET BACKED FUNDING CORPORATION ASSET BACKED CERTIFICATES, SERIES 2006-OPT2, | § § § § § § § | |
| Defendant/Counter-Plaintiff. | § § | |

**DEFENDANT'S ORIGINAL ANSWER
AND COUNTERCLAIM AGAINST PLAINTIFFS**

Defendant Wells Fargo Bank, National Association as Trustee for ABFC 2006-OPT2 Trust, Asset Backed Funding Corporation Asset Backed Certificates, Series 2006-OPT2 ("Defendant"), files this its Original Answer to the *Plaintiffs' Original Petition, Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction, and Jury Demand* (the "Petition") and Counterclaim Against Plaintiffs Mack M. Spears, Jr. and Eliazar Spears ("Plaintiffs"). Defendant respectfully states as follows:

**I. ANSWER**

1. Paragraph 1 of the Petition contains a statement regarding a state court discovery control plan, which is not applicable to this action that is now pending in this Court. Further, Defendants deny that Plaintiff is entitled to the relief requested in Paragraph 1 of the Petition and demand strict proof thereof.

2. Defendant admits the statements and allegations in Paragraph 2 of the Petition.

3.      Defendant admits the statements and allegations in Paragraph 3 of the Petition.

4.      Defendant admits the statements and allegations in Paragraph 4 of the Petition.

5.      With respect to Paragraph 5 of the Petition, Defendant states this United States District Court for the Southern District of Texas, Houston Division has jurisdiction over this action, as set forth more fully in the Notice of Removal. Defendant admits the subject real property is located in Montgomery County, Texas. Defendant denies the remaining statements and allegations contained in Paragraph 5 of the Petition and demands strict proof thereof.

6.      With respect to Paragraph 6 of the Petition, Defendant states this United States District Court for the Southern District of Texas, Houston Division is the proper venue, as set forth more fully in the Notice of Removal. Defendant admits the subject real property is located in Montgomery County, Texas.

7.      With respect to Paragraph 7 of the Petition, Defendant admits the address and description of the subject property are as described therein.

8.      With respect to Paragraph 8 of the Petition, Defendant states the referenced Deed Exhibit speaks for itself. Defendant does not have sufficient information to admit or deny the remaining allegations contained in Paragraph 8 of the Petition, so to the extent a response is required, Defendant demands strict proof thereof.

9.      With respect to Paragraph 8 of the Petition, Defendant states Plaintiff Eliazar Spears executed a *Texas Home Equity Adjustable Rate Note* on or about July 18, 2006 in the original principal amount of $300,000.00, and further states the written Note speaks for itself with respect to the loan terms. Otherwise, Defendant demands strict proof of the statements and allegations in Paragraph 9.

10.     Defendant admits the statements and allegations in Paragraph 10 of the Petition.

11. Defendant denies the statements and allegations in Paragraph 11 of the Petition and demands strict proof thereof.

12. With respect to Paragraph 12 of the Petition, Defendant states the referenced Exhibits, pleadings from Cause No. 19-03-03738 in the 284th Judicial District of Montgomery County, Texas speak for themselves. Defendant otherwise denies the statements and allegations in Paragraph 12 of the Petition and demands strict proof thereof.

13. With respect to Paragraph 13 of the Petition, Defendant states the referenced Exhibits, pleadings from Cause No. 19-03-03738 in the 284th Judicial District of Montgomery County, Texas and the Notice of Foreclosure, speak for themselves. Defendant otherwise denies the statements and allegations in Paragraph 13 of the Petition and demands strict proof thereof.

14. Defendant incorporates by reference its responses and answers in the prior paragraphs. Defendant denies the statements and allegations in Paragraph 14 of the Petition and demands strict proof thereof.

15. With respect to Paragraph 15 of the Petition, Defendant states that the Texas Constitutional provisions cited speak for themselves. Defendant denies the remaining statements and allegations in Paragraph 15 of the Petition and demands strict proof thereof.

   a. Defendant denies the statements and allegations in Paragraph 15(a) of the Petition and demands strict proof thereof.

   b. Defendant denies the statements and allegations in Paragraph 15(b) of the Petition and demands strict proof thereof.

   c. Defendant denies the statements and allegations in Paragraph 15(c) of the Petition and demands strict proof thereof.

16. Defendant denies the statements and allegations in Paragraph 16 of the Petition and denies Plaintiff is entitled to the relief requested therein.

    a. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 16(a) of the Petition and demands strict proof thereof.

    b. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 16(b) of the Petition and demands strict proof thereof.

    c. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 16(c) of the Petition and demands strict proof thereof.

17. Defendant incorporates by reference its responses and answers in the prior paragraphs. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 17 of the Petition and demands strict proof thereof.

18. Defendant incorporates by reference its responses and answers in the prior paragraphs. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 18 of the Petition and demands strict proof thereof.

    a. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 18(a) of the Petition and demands strict proof thereof.

    b. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 18(b) of the Petition and demands strict proof thereof.

    c. With respect to Paragraph 18(c) of the Petition, Defendant maintains Plaintiffs breached their obligations under the Note, and Defendant is entitled to foreclose. Defendant otherwise denies that Plaintiff is entitled to the relief requested therein.

    d. With respect to Paragraph 18(d) of the Petition, Defendant maintains Plaintiffs breached their obligations under the Deed of Trust and Security Agreement, and

        Defendant is entitled to foreclose. Defendant otherwise denies that Plaintiff is entitled to the relief requested therein.

    e. With respect to Paragraph 18(e) of the Petition, Defendant maintains Plaintiffs breached their obligations under the Loan, and Defendant is entitled to foreclose pursuant to the provisions of the Texas Constitution. Defendant otherwise denies that Plaintiff is entitled to the relief requested therein.

    f. With respect to Paragraph 18(f) of the Petition, Defendant maintains Plaintiffs breached their obligations under the Loan, and Defendant is entitled to foreclose pursuant to the provisions of the Texas Constitution. Defendant otherwise denies that Plaintiff is entitled to the relief requested which would interfere with Defendant's right to enforce its security interest and foreclose.

    g. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 18(g) of the Petition and demands strict proof thereof.

    h. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 18(h) of the Petition and demands strict proof thereof.

19. Defendant denies that all conditions precedent to Plaintiff's requests for relief have occurred and demands strict proof thereof.

20. Defendant denies the statements and allegations in Paragraph 20 of the Petition and demands strict proof thereof.

21. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 21 of the Petition and demands strict proof thereof.

22. Defendant denies that all conditions precedent to Plaintiff's requests for relief have occurred and demands strict proof thereof.

23. Paragraph 23 of the Petition contains a jury demand, which does not require a response.

24. Defendant incorporates by reference its responses and answers in the prior paragraphs.

25. With respect to Paragraph 25 of the Petition, Defendant states the referenced Exhibits, pleadings from Cause No. 19-03-03738 in the 284th Judicial District of Montgomery County, Texas, speaks for itself. Defendant otherwise denies the statements and allegations in Paragraph 13 of the Petition and demands strict proof thereof.

26. Paragraph 26 of the Petition contains legal conclusion and reference to case law and statutory authority, for which no response is required.

27. Defendant denies the statements and allegations in Paragraph 27 of the Petition and denies Plaintiff is entitled to the relief requested therein.

    a. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 27(a) of the Petition and demands strict proof thereof.

    b. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 27(b) of the Petition and demands strict proof thereof.

    c. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 27(c) of the Petition and demands strict proof thereof.

    d. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 27(d) of the Petition and demands strict proof thereof.

    e. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 27(e) of the Petition and demands strict proof thereof.

28. Defendant denies the statements and allegations in Paragraph 28 of the Petition and denies Plaintiff is entitled to the relief requested therein.

29. Defendant denies the statements and allegations in Paragraph 29 of the Petition and denies Plaintiff is entitled to the relief requested therein.

30. Defendant denies the statements and allegations in Paragraph 30 of the Petition and denies Plaintiff is entitled to the relief requested therein.

31. Defendant denies the statements and allegations in Paragraph 31 of the Petition and denies Plaintiff is entitled to the relief requested therein.

32. Defendant denies the statements and allegations in Paragraph 32 of the Petition and denies Plaintiff is entitled to the relief requested therein.

   a. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 32(a) of the Petition and demands strict proof thereof.

   b. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 32(b) of the Petition and demands strict proof thereof.

   c. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 32(c) of the Petition and demands strict proof thereof.

   d. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 32(d) of the Petition and demands strict proof thereof.

   e. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 32(e) of the Petition and demands strict proof thereof.

33. Defendant denies that Plaintiff is entitled to the relief requested in the Payer of the Petition and demands strict proof thereof.

## II. DEFENSES

Defendant asserts the following affirmative defenses:

1. Defendant denies that all conditions precedent to a right of recovery have been satisfied.

2. Plaintiffs' claims are barred by the applicable statutes of limitations.

3. Plaintiffs' claims are barred by the statute of frauds.

4. Plaintiffs' claims are barred or any failure to perform is excused because one or more of the material obligations of the note and security instrument have not been satisfied.

5. Plaintiffs' claims are barred or any failure to perform is excused by the doctrines of affirmation, ratification, and waiver.

6. Plaintiffs' claims are barred by novation.

7. Plaintiffs' claims are barred or any failure to perform is excused by the waiver provisions contained in the security instrument at issue in this lawsuit.

8. Plaintiffs' claims are barred or any failure to perform is excused by the doctrine of accord and satisfaction.

9. Plaintiffs' claims are barred by the election of rights doctrine.

10. Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, judicial estoppel, contractual estoppel and/or quasi estoppel.

11. Plaintiffs' allegations Defendant breached the loan contract fail because Plaintiffs seek to retain the benefits of the agreement.

12. One of more of Plaintiffs' claims are barred by the "one satisfaction" and "con-tort" doctrines, and "economic loss" rule.

13. Plaintiffs failed to mitigate their alleged damages.

14. Defendant claims all offsets and credits available to it.

15. Defendant is not liable for the acts, omissions, or conduct of other persons or entities not authorized to act on behalf of them; pleading further, and in the alternative, Defendant is not liable for the acts, omissions, or conduct of its agents who exceeded the scope of their authority.

16. Plaintiffs' damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and the acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.

17. Plaintiffs' damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and said acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any. Defendant asserts its right to comparative responsibility as provided in Chapter 33 of the Texas Civil Practice and Remedies Code and requests that the fact finder apportion responsibility as provided in Chapter 33.

18. Defendants' actions and omissions were undertaken in good faith, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper and justified means to further the business purposes of Defendant.  Any purported conduct of individuals who were or are agents of Defendant were privileged, and those individuals were and are justified in engaging in the conduct attributed to them. Defendant pleads all statutory and common law privileges that may apply to its conduct and those of its agents.

19. Any allegedly wrongful acts or omissions of Defendant, if and to the extent such acts and omissions occurred, were legally excused or justified.

20.	Defendant would show its conduct or activity conformed at all times to any and all applicable state and federal statutes, codes, and regulations.

21.	Plaintiffs' claims are barred, in whole or in part, by the doctrines of judicial estoppel, res judicata, and collateral estoppel.

22.	Plaintiffs lack clean hands to bring an action in equity.

23.	Plaintiffs' claims must fail due to the Plaintiff's failure to tender amount(s) admittedly owed.

24.	Some or all of Plaintiffs' claims are barred by the doctrine of laches.

25.	Any alleged wrongful acts or omissions of Defendant, if and to the extent such acts or omissions occurred, were not intentional and resulted from a bona fide error.

26.	Any and all claims alleged in Plaintiffs' Petition are barred, in whole or in part, to the extent she seeks an improper punitive or multiple damages award for an alleged single wrong because such an award would violate defendant's rights guaranteed by the United States Constitution, including, without limitation, the due process and equal protection provisions of the Fourteenth Amendment and the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, and Defendant's rights to the Due Course of Law under the Texas Constitution.

27.	Plaintiffs are not entitled to punitive or multiple damages, and any and all excessive amounts of such damages sought herein violate chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution and the United States Constitution, all of which set limits on the award of punitive damages. Defendant hereby invokes the caps on damages as provided in Chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution and the United States Constitution.

28. Defendant asserts the defense of equitable subrogation.

29. Defendant is a bona fide mortgagee.

30. Plaintiffs have failed to state a claim upon which relief may be granted.

## III. COUNTERCLAIM

### A. Parties and Jurisdiction

1. Wells Fargo Bank, National Association as Trustee for ABFC 2006-OPT2 Trust, Asset Backed Funding Corporation Asset Backed Certificates, Series 2006-OPT2 ("Defendant") is the Defendant/Counter-Plaintiff in this case.

2. Plaintiff/Counter-Defendant Mack M. Spears, Jr. has previously appeared in this cause. He may be served through his counsel of record in this case.

3. Plaintiff/Counter-Defendant Eliazar Spears has previously appeared in this cause. She may be served through her counsel of record in this case.

4. This Court has jurisdiction over this cause and the parties, as further detailed in the Notice of Removal [ECF Document No. 1]. 28 U.S.C. § 1331.

### B. Summary of Facts

5. On or about July 18, 2006, Eliazar Spears executed a promissory Texas Home Equity Adjustable Rate Note ("Note") for $300,000.00 payable to Oak Street Mortgage, LLC as lender on a loan secured by the real property commonly known as 23993 Mossy Oaks Drive, New Caney, TX 77357, and more particularly described as:

> LOT 7, IN BLOCK 1, OF NORTHCREST RANCH, SECTION THREE (3), A SUBDIVISION IN MONTGOMERY COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN CABINET N, SHEETS 87, 88, 89, AND 90 OF THE MAP RECORDS OF MONTGOMERY COUNTY, TEXAS

(the "Property").

6. Concurrently with execution of the Note, Plaintiffs executed a Texas Home Equity Security Instrument ("Deed of Trust" and together with the Note, the "Loan Agreement") with said Deed of Trust being recorded in the official public records of Montgomery County, Texas July 26, 2006.

7. The Loan Agreement was transferred and assigned to Defendant.

8. Under the terms of the Note and Deed of Trust, Plaintiffs were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

9. The Loan Agreement further provides that should Plaintiffs fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Deed of Trust, then the lender may enforce the Deed of Trust, selling the Property pursuant to applicable law and in accordance with the provisions set out in the Loan Agreement.

10. Plaintiffs failed to timely make all required payments under the terms of the Loan Agreement. Notice of default and intent to accelerate was provided to Eliazar Spears, the borrower on the Note. The default on the Note was not cured and, as a result, the debt was accelerated. As a result, Plaintiffs were given notice that the maturity date of the Note had been accelerated, thus making all unpaid principal and accrued interest due and payable.

11. Defendant now files this counterclaim seeking an order for foreclosure pursuant to the Loan Agreement.

C.  **Cause of Action—Foreclosure**

12. The foregoing paragraphs are incorporated by reference for all purposes.

13. Defendant asserts a cause of action for foreclosure against Plaintiffs. The Loan Agreement is a contract, and Defendant fully performed its obligations under it. Plaintiffs,

however, did not comply with the Loan Agreement by failing to substantially perform material obligations required under its terms (principally, the payment of amounts due under the contract, among others).

14. Defendant seeks a judgment for judicial foreclosure allowing it to enforce its lien against the Property in accordance with the Security Instrument and Texas Property Code section 51.002.

15. Alternatively, Defendant seeks a judgment for foreclosure together with an order of sale issued to the Cameron County sheriff or constable, directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rule of Civil Procedure 309.

16. Defendant has been forced to hire the undersigned attorneys to seek an order allowing foreclosure as a result of the default on the Loan Agreement. Defendant is therefore entitled to and seeks judgment against Plaintiffs for its reasonable attorney fees in this action, both through trial and in the event of a subsequent appeal.

17. All conditions precedent to Defendant's right to enforce the Loan Agreement and to obtain the relief requested herein have been performed or have occurred.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays the Court enter judgment that: Plaintiffs take nothing on their claims; Defendant have and recover judgment against Plaintiffs allowing it to proceed with foreclosure in accordance with the Deed of Trust and Texas Property Code section 51.002, or judicial foreclosure under Texas Rule of Civil Procedure 309, plus Defendant recover its interest and attorney fees, and all costs of suit. Defendant further requests such other and further relief to which it may be entitled.

Respectfully submitted,

By: /s/ Mark D. Cronenwett
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    Southern District Bar No. 21340
    mcronenwett@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 9, 2021, a true and correct copy of the foregoing document was delivered via U.S. Mail to all counsel of record listed below:

Via U.S. Mail:
Larry A. Vick
13501 Katy Freeway, Suite 1460
Houston, Texas 77079

    /s/ Mark D. Cronenwett
    **MARK D. CRONENWETT**