United States District Court
Southern District of Texas
**ENTERED**
September 22, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MACK M. SPEARS JR and ELIAZAR SPEARS, | § § § § § | CIVIL ACTION NO 4:21-cv-02936 |
| Plaintiffs, | | |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| WELLS FARGO BANK NA, | § § | |
| Defendant. | § | |

### ORDER

Plaintiff Eliazar Spears executed a Texas home equity adjustable rate note on July 18, 2006. It was secured by the property commonly known as 23993 Mossy Oaks Drive, New Caney, Texas 77357. See Dkt 20-1 at 9–14. She and her husband, Plaintiff Mack Spears Jr, executed a deed of trust on the property that same day. Id at 16–36. The deed of trust includes an optional right of acceleration and foreclosure. Id at 27; see also id at 11. Defendant Wells Fargo Bank NA has owned the note and deed of trust at all relevant times. Id at 73.

The Spears failed to make timely payments on the note and filed for bankruptcy in February 2011. Id at 78–119 & 168–71. That action concluded in August 2011. Id at 171. The Spears agreed to a loan modification agreement in July 2018, but they again failed to make timely payments. Id at 78–119 & 122–31. Wells Fargo then issued a notice of default and intent to accelerate on November 29, 2018. Id at 135–40. It subsequently issued notice of acceleration in February 2019 after the Spears failed to cure the default. Id at 143–48. The Spears then filed a second bankruptcy

action in November 2019, which concluded in July 2021. Id at 177–84.

The note remains due for the October 2018 payment and all subsequent payments. Id at 6; see also id at 78–119. As of June 22, 2022, the outstanding balance of the loan was at least $457,062.04. Dkt 19 at 5. The record also establishes that the United States Internal Revenue Service recorded a notice of federal tax liens on the property in June 2019. Id at 236–39.

The Spears initiated this action in September 2021 in Texas state court to prevent foreclosure. Dkt 1-1 at 2. They brought claims for violations of the Texas Constitution and Property Code, to quiet title, and for declarations that the lien is void and the principal and interest are forfeited. Dkt 1-1 at 5–16. Wells Fargo removed, counterclaimed against the Spears for an order of foreclosure and for attorney fees, and sought an order declaring that the foreclosure sale will extinguish the liens maintained by the IRS. Dkts 1 & 12.

Wells Fargo moved for summary judgment. Dkt 19. The Spears haven't responded. Upon notice, the IRS responded that it wasn't opposed to an order declaring the Wells Fargo lien as superior to the IRS liens, while requesting that certain provisions be included in the final judgment to protect its interests. Dkt 23. No party opposed the IRS requests.

"It is well established in the Fifth Circuit that a federal court may not grant a 'default' summary judgment when no response has been filed." *Morgan v Federal Express Corp*, 114 F Supp 3d 434, 437 (SD Tex 2015) (quotation marks and alteration omitted), citing *Eversley v MBank of Dallas*, 843 F2d 172, 174 (5th Cir 1988). But "if no response to the motion for summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment." Ibid. The Fifth Circuit likewise holds that when a non-movant bears the burden of proof at trial, a movant may make a proper summary judgment motion under Rule 56 by alleging that the non-

movant has "no evidence" of its claims. *Austin v Kroger Texas LP*, 864 F3d 326, 335 (5th Cir 2017, *per curiam*).

*As to affirmative claims by the Spears,* they bear the burden of proof. Wells Fargo asserts that their claims fail both as a matter of law and for lack of evidence. It further submits that undisputed evidence and controlling law entitle it to judgment against the Spears because (among other reasons) they failed to raise these claims in the prior bankruptcy actions, the Spears entered into a written loan modification agreement and affirmed the enforceability of the lien, and the loan complied with the Texas Constitution. See generally Dkt 19.

Wells Fargo is entitled to summary judgment on all claims by the Spears.

*As to affirmative claims by Wells Fargo,* it bears the burden of proof. Regarding its claim for an order of foreclosure, Wells Fargo must show that (i) a debt exists, (ii) it's secured by a lien created under Texas law, (iii) the borrower is in default, and (iv) the borrower has been properly served with notice of default and acceleration. *Huston v US Bank NA*, 988 F Supp 2d 732, 740 (SD Tex 2013), citing Tex Property Code § 51.002. The undisputed facts as outlined above establish each of these points, thus entitling Wells Fargo to summary judgment as against the Spears. It is likewise entitled to attorney fees pursuant to the undisputed terms of the loan agreement. Dkt 20-1 at 11 & 22; see also Tex Civil Practice & Remedies Code § 38.001. And as noted, the IRS is unopposed to the request by Wells Fargo for an order declaring that a foreclosure sale will extinguish the liens maintained by the IRS. Dkt 23 at 2.

\* \* \*

The motion by Defendant Wells Fargo Bank NA for summary judgment is GRANTED. Dkt 19.

The claims by Plaintiffs are DISMISSED WITH PREJUDICE.

It is hereby DECLARED that the deed of trust on the subject property secures (i) the outstanding balance of the loan, which was at least $457,062.04 as of June 22, 2022, plus all contractual interest, escrow advances, fees, costs,

3

and other items in the loan that are recoverable and have accrued since that date, (ii) pre-judgment interest, and (iii) post-judgment interest at the current rate as specified in the note from the date of this judgment until paid.

It is further DECLARED that Defendant Wells Fargo Bank NA is entitled to attorney fees in an amount to be determined by subsequent motion practice as part of the debt owed under the loan agreement. All costs of this action are to be taxed against Plaintiffs.

It is further DECLARED that Wells Fargo may proceed with foreclosure in accordance with the deed of trust and Texas Property Code § 51.002, or with judicial foreclosure under Texas Rule of Civil Procedure 309, on the property commonly known as 23993 Mossy Oaks Drive, New Caney, Texas 77357, and more particularly described as:

> LOT 7, IN BLOCK 1, OF NORTHCREST RANK, SECTION THREE (3), A SUB-DIVISION IN MONTGOMERY COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN CAB-INET N, SHEETS 87, 88, 89, AND 90 OF THE MAP RECORDS OF MONTGOMERY COUNTY, TEXAS.

See Dkt 19 at 2–3.

Any notices regarding the foreclosure sale of the property may be sent to the borrowers at the property address. Wells Fargo must additionally provide notice of the date, time, and place of any proposed sale of the property to both the United States Internal Revenue Service at 1919 Smith Street, Houston, Texas 77002, and to the office of Assistant United States Attorney Chad W. Cowan at 1000 Louisiana Street, Suite 2300, Houston, Texas 77002.

It is further DECLARED that any such foreclosure sale will extinguish liens maintained by the United States Internal Revenue Service on the subject property. But the IRS is entitled to any excess proceeds from the foreclosure sale of the subject property, as permitted by law and by the

terms of the notice of federal tax liens. The IRS also maintains its statutory right of redemption under 28 USC § 2410(c).

Wells Fargo and the United States Internal Revenue Service may seek modification of this declaration within thirty days if other or different technical language is necessary to effectuate the foregoing relief granted.

This is a FINAL JUDGMENT.

Any pending motion is DENIED AS MOOT.

SO ORDERED.

Signed on September 22, 2022, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge